IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICHARD MOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  07-3208 |
| | ) | |
| STATE OF ILLINOIS and | ) | |
| GOVERNOR ROD BLAGOJEVICH, | ) | |
| | ) | |
| Defendants. | ) | |

# OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on the Motion to Dismiss (d/e 10) filed by Defendant the State of Illinois and Governor Rod R. Blagojevich's Motion to Dismiss Plaintiff's Complaint (d/e 12).  Plaintiff Richard Moon brings this action pursuant to 42 U.S.C. § 1983, alleging that the Defendants deprived him of his right to due process in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution.  Defendant State of Illinois seeks dismissal on jurisdictional grounds pursuant to Federal Rule of Civil Procedure 12(b)(1).  Defendant Blagojevich joins in Defendant State of Illinois' Rule 12(b)(1) argument.  Blagojevich further asserts that

Moon's claims against him should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the Motions to Dismiss are allowed.

## BACKGROUND

At the motion to dismiss stage, the Court must accept as true all well-pleaded factual allegations in Moon's Complaint (d/e 1) and draw all reasonable inferences in his favor. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). As a result, the following facts are taken from the allegations of the Complaint. Moon was suspended from his job as a paramedic with Springfield Area Ambulance on August 4, 2005. He had the right to appeal this suspension to a local review board, which reversed the suspension on or about December 7, 2005.

Moon was subsequently permanently suspended from his job on December 27, 2005, for issues related to the incident underlying the original suspension, although he does not identify the entity which issued this permanent suspension. He does allege that he had the right to appeal the permanent suspension to the State of Illinois Emergency Medical Services Disciplinary Review Board (Review Board). Moon attempted to appeal on

2

or about February 1, 2006, but was informed that Governor Blagojevich had not appointed anyone to serve on the Review Board.

Moon eventually received a hearing before the Review Board on January 9, 2007. After the hearing, the Review Board "reinstated [Moon] in the EMS system."[1] Complaint, ¶ 7. According to Moon, the Governor's delay in appointing members to the Review Board delayed his hearing for a period in excess of six months, during which time Moon was unable to work at his job. Moon alleges that the actions of the Governor and the State of Illinois deprived him of due process in that they denied him access to the tribunal that had authority to overturn his employment suspension. Moon seeks monetary damages in the amount of $1 million. Both Defendants move to dismiss Moon's claims. Defendant State of Illinois asserts that Moon's claims against it are barred by the Eleventh Amendment to the U.S. Constitution. Defendant Blagojevich asserts that he is entitled to Eleventh Amendment immunity and qualified immunity from Moon's claims. Blagojevich further asserts that Moon's Complaint fails to state a claim against him.

---

[1] While Moon fails to define EMS, given the nature of Moon's employment, the Court assumes that EMS refers to Emergency Medical Services.

3

ANALYSIS

Moon seeks relief under 42 U.S.C. § 1983, which provides in applicable part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint should be dismissed if the court lacks jurisdiction over the subject matter of the suit. Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. When a complaint's allegations do not "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level,'" the Court must dismiss. EEOC v. Concentra Health Svs., Inc., 496 F.3d 773, 777 (7th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)). In Bell Atlantic, the Supreme Court rejected the prior standard under which a complaint could not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." Bell Atlantic, 127 S.Ct. at 1968. After Bell Atlantic, "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief." Concentra Health Svs., Inc., 496 F.3d at 777 (internal citations and quotation marks omitted; emphasis in original). The Court analyzes the arguments for dismissal as they apply to each Defendant.

 A. Defendant State of Illinois

Defendant State of Illinois asserts that Moon's claims against it are barred by the Eleventh Amendment. The Court agrees. It is well-established that, absent waiver, consent, or Congressional abrogation, the Eleventh Amendment bars suit against a state in federal court. Bd. of Tr. of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Alabama v. Pugh, 438 U.S. 781 (1978). The Supreme Court has expressly determined that Congress did not intend for § 1983 to disturb states' Eleventh Amendment immunity. Will v. Mich. Dept. of State Police, 491 U.S. 58, 63 (1989). Moon fails to assert either consent or waiver by Defendant State of Illinois. Moreover, Moon's Complaint seeks only monetary damages. Complaint, p. 2. It is well-established that a State is not a "person" for purposes of a §

1983 claim for monetary damages. <u>Will</u>, 491 U.S. at 71. Thus, Moon's claims against Defendant State of Illinois must be dismissed.

### B. <u>Defendant Governor Blagojevich</u>

Moon's Complaint fails to indicate whether Defendant Blagojevich is being sued in his official or his individual capacity. To the extent Moon alleges claims against Governor Blagojevich in his official capacity, the principles set forth in section A apply because a suit against a government official in his official capacity is tantamount to a claim against the government entity itself. <u>See</u> <u>Will</u>, 491 U.S. at 71; <u>Kentucky v. Graham</u>, 473 U.S. 159, 167 (1985). As previously noted, Moon seeks only retrospective money damages. Thus, Moon's claims against Defendant Blagojevich in his official capacity as Governor of the State of Illinois constitute claims against the State for retrospective monetary relief and are prohibited by the Eleventh Amendment. <u>Doe v. Heck</u>, 327 F.3d 492, 508 n. 13 (7th Cir. 2003). Moon's claims against Defendant Blagojevich in his official capacity must be dismissed.

To the extent Moon is suing Defendant Blagojevich in his individual capacity, his claims fare no better. Blagojevich asserts that he is entitled to qualified immunity from Moon's claims. Qualified immunity shields

"[g]overnmental actors performing discretionary functions" from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Sallenger v. Oakes, 473 F.3d 731, 739 (7th Cir. 2007). This Court must apply a two-part test in analyzing whether qualified immunity applies. Saucier v. Katz, 533 U.S. 194, 201 (2001).  First, the Court must consider whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right. Id.  If they do, the Court must analyze whether the constitutional right was clearly established at the time of the alleged violation.  Id.

To establish a due process violation under § 1983, Moon must show: (1) the existence of a cognizable property interest; (2) deprivation of that interest; and (3) a denial of due process.  See Licari v. City of Chicago, 298 F.3d 664, 668 (7th Cir. 2002).  Individual liability under § 1983, no matter what the constitutional theory, must be based on personal responsibility. Schultz v. Baumgart, 738 F.2d 231, 238 (7th Cir. 1984).  "An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986) (emphasis in original) (internal quotation marks

7

omitted). Defendant Blagojevich may be held individually liable only if Moon can establish that Blagojevich: (1) participated directly in the alleged constitutional deprivation; (2) acted or failed to act with reckless disregard of Plaintiff's constitutional rights; or (3) directed the conduct that violated Plaintiff's constitutional rights or knew of it and consented to it. Id. at 274.

In the instant case, the allegations of the Complaint, viewed as true, fail to establish that Defendant Blagojevich violated Moon's constitutional right to due process. Moon does not allege personal involvement by Blagojevich in the alleged deprivation, nor does he allege that Blagojevich acted with reckless disregard for his rights. Moon no where alleges that Blagojevich was even aware of Moon or of his appeal before the Review Board. The Supreme Court expressly instructs that "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201. Thus, the Court need not address the second part of the test for qualified immunity. Moon's claims against Defendant Blagojevich in his personal capacity are dismissed as well.

THEREFORE, for the reasons set forth above, Defendant State of Illinois' Motion to Dismiss (d/e 10) and Governor Rod R. Blagojevich's

Motion to Dismiss Plaintiff's Complaint (d/e 12) are ALLOWED. All claims set forth in Moon's Complaint (d/e 1) are dismissed. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: September 16, 2008

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                                        UNITED STATES DISTRICT JUDGE